## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **ROBBERT HUBBARD, et al.,** | : | **Civil Action No. 16-3006 (CCC)** |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **REPORT & RECOMMENDATION** |
| | : | |
| **ADONIS DIAZ, et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**CLARK, Magistrate Judge**

  This matter having been opened to the Court by the motion of Plaintiffs Robert Hubbard and Kathleen Hubbard (collectively referred to as "Plaintiffs") to remand this matter to state court [Docket Entry No. 4]; and Defendant Adonis Diaz and Miguel Lopez (collectively referred to as "Defendants") having opposed Plaintiffs' motion [Docket Entry No. 5]; and the Court having considered the arguments submitted in support of, and in opposition to, Plaintiffs' motion; and for the reasons that follow, it is respectfully recommended that Plaintiffs' motion to remand this matter be GRANTED, and this matter be REMANDED.

### I.  BACKGROUND

  Plaintiffs, residents of New Jersey, filed the instant action in state court on April 20, 2015 against Defendants, alleging various claims arising from a dog attack.  [*See* Docket Entry No. 1, Ex. A.]  Defendant Diaz, a resident of Florida, was served with the Complaint on November 18, 2015.  [*See* Docket Entry No. 1].  Defendant Lopez, a resident of New York, was served with the Complaint on August 6, 2015.

  In December 2015, Defendants filed their Answer to the Complaint, which in turn,

automatically effected service of New Jersey's form interrogatories on Plaintiffs.  [*See id.*; N.J. R. 4:17-1(2)].  Defendants also served Supplemental Interrogatories and a Notice to Produce upon Plaintiffs' counsel on February 17, 2016.  [*See* Docket Entry No. 1, Ex. B.]  Several months later, on May 23, 2016, Plaintiffs served their Answers to Form Interrogatories, Answers to Supplemental Interrogatories, and Responses to Defendants' Notice to Produce.  [*See* Docket Entry No. 1, Ex. C.]  Within those responses, Plaintiffs' claimed several injuries and asserted medical expenses in excess of $90,000.  [*See* Docket Entry No. 1, Ex. C.]  Just two days later—believing that the case had become removable by way of diversity—Defendants filed their notice of removal.  [*See* Docket Entry No. 1.]

On June 2, 2016, Plaintiffs filed the instant motion to remand, arguing that Defendants' notice of removal was filed more than thirty days after service of the Complaint.  [*See* Docket Entry No. 4.]   Plaintiffs further argue that the "other paper" provision of 28 U.S.C. § 1446(b)(3) is inapplicable because Defendants should have known—based on the allegations made in the complaint, conversations with Defendants, and the Worker's Compensation lien in this case—that the amount in controversy was more than $75,000.

Defendants oppose Plaintiffs' motion arguing that removal was timely under 28 U.S.C. § 1446(b)(1).  Defendants further argue that removal of this action was proper, even though it occurred more than one year after commencement, because the Plaintiffs acted in bad faith to deliberately prevent removal.

## II.    LEGAL STANDARD

Title 28, § 1441(a) of the United States Code permits a defendant to remove a civil action in state court to a federal court where the action could have been filed originally; that is, where

the federal court has subject matter jurisdiction over the action.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Section 1446 outlines the procedures for removal, and Section 1447 outlines the procedures following removal.  28 U.S.C. §§ 1446, 1447.  In application, removal statutes must be "strictly construed against removal and all doubts should be resolved in favor of remand."  *Boyer v. Snap-On Tools Corp*., 913 F.2d 108, 111 (3d Cir. 1990) (citing *Steel Valley Auth. v. Union Switch & Signal Div*., 809 F.2d 1006, 1010 (3d Cir.1987)).

Defects in removal may be procedural or jurisdictional.  Procedurally, 28 U.S.C. § 1446(b)(1) requires a defendant to file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . ."  Where an action is not removable (*e.g.* where no subject matter jurisdiction exists) but later becomes removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).  The thirty day statutory period "is an inflexible rule of law determining the time within which an application to remove must be made, and the court has no discretionary power to enlarge this period."  *THS Co., LLC v. Sheraton World Resort Orlando*, No. 06-4956 (FLW), 2006 U.S. Dist. LEXIS 90931 at *6 (D.N.J. Dec. 18, 2006) (citations omitted).

Additionally, any action removed under 28 U.S.C. § 1446(b)(3) must be removed within one year from the commencement of the action unless the district court finds that the plaintiff acted in bad faith in order to prevent a defendant from removing the action.  28 U.S.C. § 1446(c)(1).  In cases where the notice of removal is filed more than one year after commencement of the action, bad faith will be deemed where the plaintiff deliberately failed to

disclose the actual amount in controversy to prevent removal.  *See Bader v. Schmidt Baking Co.*, No. 13-5697, 2014 U.S. Dist. LEXIS 3171, at *4 (D.N.J. Jan. 10, 2014); 28 U.S.C. § 1446(c)(3)(B).

### III.    DISCUSSION

Since removal occurred more than one year after commencement, this action must be remanded unless Defendants can show that "Plaintiffs acted in bad faith and that they did so for the purposes of preventing removal."  *See Rulis v. La Fitness*, No. 13-1582, 2015 U.S. Dist. LEXIS 37427, at *7 (E.D. Pa. Mar. 24, 2015); *Bader v. Schmidt Baking Co.*, 2014 U.S. Dist. LEXIS at *4.

Here, Defendants have failed to meet their burden.  Defendants argue that Plaintiff acted in bad faith by: (1) failing to timely provide a statement of damage which was due on January 2, 2016; (2) failing to timely serve discovery responses due on January 27, 2016, March 23, 2016, and April 18, 2016; and (3) delaying in serving discovery responses certified on March 21, 2016 until May 23, 2016.  Defendants simply cite to these discovery issues without providing any context.  There is no evidence showing that these actions were taken in an effort to prevent Defendants from removing this matter.  Similarly, there is no evidence that these delays were anything more than counsel's mere carelessness or neglect.  Notably, Defendants fail to present any information regarding their attempts to secure this discovery after service.  *See Bader v. Schmidt Baking Co.*, 2014 U.S. Dist. LEXIS at *4 (finding no bad faith on the part of the plaintiff because the defendants made no further effort to obtain the plaintiff's statement of damages until nine months after their request was served).

Based on the facts provided, the Court is left with, at best, an unclear understanding

regarding Plaintiffs' motives.  As such, the Court is unable to determine whether Plaintiff's

actions were conducted deliberately to prevent removal.  And because removal statutes must be

"strictly construed against removal and all doubts should be resolved in favor of remand," this

Court recommends that Plaintiff's Motion to Remand be GRANTED and this case be

REMANDED.

## IV.    CONCLUSION

In light of the foregoing, and the Court having considered this matter pursuant to

FED.R.CIV.P.78;

IT IS on this 2nd day of December, 2016,

RECOMMENDED that Plaintiff's Motion to Remand be GRANTED and this matter be

REMANDED to the Superior Court of New Jersey, Law Division, Essex County.

The parties are advised that they may file an objection within 14 days of the date of this

Order pursuant to FED. R. CIV. P. 72(b)(2).


 s/James B. Clark, III
**HONORABLE JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**

5