**NOT FOR PUBLICATION**                                                        **CLOSED**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT HUBBARD, *et al.*, <br><br> Plaintiffs, <br> v. <br><br> ADONIS DIAZ, *et al.*, <br><br> Defendants. | Civil Action No. 16-3006 (CCC-JBC) <br><br> **OPINION** |

**CECCHI, District Judge.**

### I. INTRODUCTION

This matter comes before the Court upon the objections of defendants Adonis Diaz ("Diaz") and Miguel Lopez ("Lopez") (collectively, "Defendants") to Magistrate Judge James B. Clark's Report and Recommendation ("R&R") on the motion of Plaintiffs Robert Hubbard and Kathleen Hubbard (collectively, "Plaintiffs") to remand this matter to state court. ECF No. 10. The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court adopts Judge Clark's R&R granting Plaintiffs' motion to remand.

### II. BACKGROUND

The Court refers to and incorporates here the background set forth in Judge Clark's R&R.

This Court referred Defendants' motion to Judge Clark pursuant to 28 U.S.C. § 636(b)(1)(B). On December 2, 2016, Judge Clark issued his R&R recommending the Motion to Remand be granted. ECF No. 9. On December 15, 2016, Defendants objected to Judge Clark's R&R. ECF No. 10. On December 28, 2016, Plaintiffs filed a letter response to Defendants'

objections. ECF No. 11. Currently before the Court is Judge Clark's R&R, as well as Defendants' objections thereto.

### III. LEGAL STANDARD

When a Magistrate Judge addresses motions that are considered dispositive, such as a motion to remand, the Magistrate Judge submits a Report and Recommendation to the district court. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). The district court may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." 28 U.S.C. § 636(b)(1)(C); *see also* L. Civ. R. 72.1(c)(2). On dispositive motions, the district court must make a *de novo* determination of those portions of the Magistrate Judge's Report and Recommendation to which a litigant has filed objections. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(c)(2); *see also State Farm Indem. v. Fornaro*, 227 F. Supp. 2d 229, 231 (D.N.J. 2002). A Report and Recommendation does not have force of law unless and until the district court enters an order accepting or rejecting it. *United Steelworkers of Am. v. N.J. Zinc Co., Inc.*, 828 F.2d 1001, 1005 (3d Cir. 1987).

### IV. DISCUSSION

Judge Clark correctly concluded, and neither party disputes, that Defendants removed the instant action on the basis of diversity jurisdiction after the statutory one-year limit had expired. Similarly, neither party disputes that the time-bar can only be excused if plaintiffs acted in bad faith in order to prevent removal. *See* 28 U.S.C.A. § 1446(c)(1). "If the notice of removal is filed more than 1 year after commencement of the action and the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith under paragraph (1)." 28 U.S.C.A. § 1446(c)(2)(B). Further, as Judge

2

Clark correctly stated, Defendants bear the burden of proving bad faith. "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). Removal is strictly construed and all doubts are resolved in favor of remand. *See Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). The Court "must assume as true all factual allegations of the complaint" when considering a motion for remand. *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

For the "bad faith" exception to the statutory one-year removal period to apply, Defendants bear the burden of proving that Plaintiffs acted in "bad faith" such that they "deliberately failed to disclose the actual amount in controversy to prevent removal." 28 U.S.C.A. § 1446(c)(2)(B); *see Frederico*, 507 F.3d at 193. Applying this law, Judge Clark rightly concluded that Defendants failed to meet their burden of proving Plaintiffs' bad faith for purposes of removal. As Judge Clark correctly found, Defendants merely cite to the record of Plaintiffs' failure to timely serve a statement of damages and discovery responses, and delay in serving discovery responses certified by the client on March 21, 2016 until May 23, 2016. ECF No. 9 at 4. As Judge Clark noted, Defendants had served discovery requests, but the record shows no repeated attempts to secure the requested discovery. *Id.* This Court agrees with Judge Clark that Defendants failed to present evidence that Plaintiffs' delay in responding to discovery requests was deliberately done to prevent removal. *Id.*

Defendants challenge Judge Clark's R&R, arguing that Judge Clark erroneously interpreted the statutory bad faith threshold. ECF No. 10 at 6. Specifically, Defendants argue that requiring Defendants to provide "direct evidence of Plaintiffs' deliberate misconduct to prevent

3

removal imposes an impossible prerequisite[,]" and that "the appropriate standard is whether circumstantial evidence implicates a deliberate failure to disclose the amount in controversy." ECF No. 10 at 7. Defendants allege that the procedural history "impels a circumstantial inference of bad faith." *Id.* at 8. The Court disagrees.

In support of their argument, Defendants first argue that the statutory standard for bad faith is unclear. The statute defines bad faith as plaintiff's deliberate failure to disclose the actual amount in controversy, 28 U.S.C. § 1446(c), and this Court agrees with Judge Clark's finding that Defendants failed to show that Plaintiffs were intentionally deceptive regarding alleged damages.

Next, Defendants argue that Judge Clark erred in analogizing the instant action to *Bader v. Schmidt Baking Co.*, Civil No. 13-5697, 2014 U.S. Dist. LEXIS 3171 (Jan. 10, 2014), a case where the New Jersey District Court did not find bad faith. Defendants argue *Bader* is distinguishable because the defendants in *Bader* were served with discovery responses within one year of the Complaint being filed, and had sufficient information from which they could determine the likely amount in controversy. ECF No. 10 at 6. In *Bader*, the statement of damages was not sent, even after a follow-up request, until after the one-year time limit. The court in *Bader* nonetheless found that an untimely statement of damages was insufficient evidence of bad faith. The court in *Bader* looked to the information plaintiffs had provided within the one-year limit, and found plaintiffs had provided a "wealth of information" from which to "extrapolate data points" to calculate damages as likely to exceed the jurisdictional threshold. *Id.* at 7 (citing to *Bader*, 2014 U.S. Dist. LEXIS 3171, at *6-11).

Here, as in *Bader*, Plaintiffs appear to have provided information from which it could be extrapolated that the amount in controversy likely exceeded the jurisdictional threshold amount

4

within the one-year timeframe. In their Complaint, Plaintiffs demand "large sums of money" for medical expenses for permanent injuries and damages for loss of consortium, punitive damages, interest, costs of the suit, and a complete copy of applicable liability insurance policies. ECF No. 1-1 at 9-12. Plaintiffs allege in their Complaint that that Mr. Hubbard "sustained severe and permanent injuries; and was required to expend large sums of money for medical, doctor and hospital expenses in order to effect a cure of his injuries[,]" and that Mrs. Hubbard "has been and will in the future be deprived of his support, society, companionship, love, solace, consortium, services and more and has been compelled to and did expend various sums of money and sustained loss of various income[.]" *Id.* at 9, 11. Plaintiffs' response to Defendants' objections to Judge Clark's R&R reiterate that Defendants by and through counsel were or should have been aware of the nature of the injuries and the worker's compensation lien of over $75,000 within the one-year timeframe. ECF No. 11. Further, Plaintiffs served the Complaint within the one-year time limit and have not moved to amend or in any way alter their complaint. Therefore, based upon the assertions in the Complaint, this Court is unpersuaded that Plaintiffs were deliberately preventing removal, regardless of the timeliness of the discovery responses.

In further support of their argument, Defendants cite two cases from other districts. This Court is unpersuaded that either case supports Defendants' argument. *See Kinabrew v. Emco-Wheaton, Inc.*, 936 F. Supp. 351 (M.D. La. 1996) (The Louisiana District Court granted an exception to the one-year limit when neither defendant had been served with the initial pleading until after the one-year limit expired, finding plaintiff intentionally delayed service of process; the court characterized plaintiff's actions as "flagrant forum manipulation.");[1] *Ehrenreich v. Black,*

---

[1] *Kinabrew* was decided before the statutory one-year limit was amended to reflect the statutory exception for bad faith.

994 F. Supp. 2d 284 (E.D.N.Y. 2014) (The District Court for the Eastern District of New York held that the joinder of a non-diverse defendant was not in "bad faith" such as to waive the one-year removal limit.). Here, Defendants have not alleged that the Complaint was in any way changed or amended at all, including for the entirety of the removal period. Plaintiffs have not altered the parties involved, and there is no dispute that diversity of citizenship has existed since the inception of the lawsuit through the entirety of the removal period. Plaintiffs do not appear to have taken any actions specifically to defeat removal. Absent a showing of such "bad faith," the one-year limit on removal of diversity cases requires remand.[2]

## V.  CONCLUSION

Having thoroughly reviewed Magistrate Judge Clark's R&R and Defendant's objections thereto, and having found no error, this Court hereby adopts Judge Clark's R&R in full, and thus grants Plaintiff's motion to remand. An appropriate Order accompanies this Opinion.

Dated: January 31, 2017

CLAIRE C. CECCHI, U.S.D.J.

---

[2] In their conclusion, Defendants identify an unrelated and entirely separate case where Plaintiffs' counsel represents separate plaintiffs and in which separate defendants removed the case. ECF No. 10 at 9. Defendants also state that Plaintiffs' counsel "knows that trucking defendants generally favor removal whenever possible." *Id.* This Court does not see how either assertion indicates Plaintiffs' counsel deliberately prevented removal here.